## MANNIE WILBANKS v. THE STATE.

CHARGE OF THE COURT is intrinsic error when it authorizes the jury arbitrarily to reject, or arbitrarily to receive and credit, the testimony of witnesses who testify before them. See this case for suggestion of this court with reference to charges to the jury upon the evidence.

APPEAL from the County Court of Johnson. Tried below before the Hon. W. J. EWING, County Judge.

The indictment charged the wilful killing of a gelding, the property of J. A. Callahan, on the 14th day of January, 1880. The jury found the appellant guilty and assessed his punishment at a fine of $100.

The State relied alone upon circumstantial evidence, but, as no question arising thereon is involved in the opinion, a statement of the facts is unnecessary. That clause of the charge of the court which is held objectionable reads as follows:

"4th. You are the exclusive judges of the weight of the testimony, and the credibility of the witnesses, and in so weighing and considering the testimony, the jury may believe a part and discard a part of what any witness may have sworn, or they may discredit and disregard the entire testimony of a witness if in their judgment all the other facts and circumstances in evidence before them induce such belief; and in case of a conflict of evidence the jury have the unquestioned right to give credit to the witnesses on one side in preference to the other; but in every case the jury should receive the law from the court alone, and be governed thereby.

*Poindexter & Padelford,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WINKLER, J. The appellant was prosecuted to conviction on a charge of wilfully killing a gelding, the prop-

erty of one Callahan, with intent to injure the owner.
The State relied on circumstantial evidence alone for a
conviction. The defense of *alibi* was omitted in the
general charge of the court, but the omission was cor-
rected by giving a special instruction at the request of
the defendant's counsel. The general charge of the
court, in the paragraph relating to the right of the jury
to weigh the testimony given them, under the facts proved
on the trial, we deem to be erroneous in that it permitted
the jury arbitrarily to reject or receive and credit the
testimony of the witnesses who had testified before them.
The error we complain of is found in the fourth para-
graph of the charge, in which the court, after having
correctly informed the jury that they were the exclusive
judges of the weight of the testimony and the credibility
of the witnesses, proceeds to lay down rules by which
they were to be governed, and which enabled them to
cull the testimony against the defendant, and found a
verdict upon it, and arbitrarily reject the testimony pro-
duced on behalf of the defendant.

It is preferable to give the jury these instructions sub-
stantially in the language of the Code of Procedure,
article 728, as follows: "The jury in all cases are the ex-
clusive judges of the facts proved, and of the weight to
be given to the testimony, except where it is provided by
law that proof of any particular fact is to be taken as
either conclusive or presumptive proof of the existence
of another fact, or when the law directs that a certain
degree of weight is to be attached to a certain species of
evidence." Ordinarily and in cases like the present, the
exceptions mentioned have no application and need not
be embraced in the charge. Generally the law would be
satisfied by giving the jury such instruction as is em-
braced in the first part of the article, omitting what
follows after and including the word "except."

That portion of the charge which attempts to lay down

rules for the guidance of the jury in forming a verdict was erroneous and certainly liable to mislead the jury to the prejudice of the defendant, and on this account the judgment will be reversed and the cause remanded.

*Reversed and remanded.*